IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE LYNN JONES** ) | **CASE NO. 1:08-CV-1432** |
| **11205 WEST SPRAGUE RD** ) | |
| **NORTH ROYALTON, OH 44133** ) | |
| ) | **JUDGE O'MALLEY** |
| vs. ) | |
| ) | |
| **CITY OF BRUNSWICK** ) | **Magistrate** _____ |
| **4095 CENTER ROAD** ) | |
| **BRUNSWICK OH 44212** ) | |
| ) | **PLAINTIFF'S SECOND AMENDED** |
| and ) | **COMPLAINT FOR DECLARATORY** |
| ) | **RELIEF, INJUNCTIVE RELIEF** |
| **CHIEF CARL DEFOREST** ) | **AND MONETARY DAMAGES** |
| **BRUNSWICK CITY POLICE DEPT.** ) | **(PURSUANT TO 42 U.S.C. §1983,** |
| **4095 CENTER ROAD** ) | **U.S. CONSTITUTION:** |
| **BRUNSWICK OH 44212** ) | **AMENDMENTS IV,V,IX,X AND XIV)** |
| and ) | |
| ) | |
| **JEFFERY JONES** ) | |
| **4095 CENTER ROAD** ) | |
| **BRUNSWICK OH 44212** ) | |
| ) | |
| and ) | |
| ) | |
| **PTL CLIFFORD SMITH (#4017)** ) | |
| **4095 CENTER ROAD** ) | |
| **BRUNSWICK OH 44212** ) | |
| ) | |
| and ) | |
| ) | |
| **SGT DAVID SZUTER (#3301)** ) | |
| **4095 CENTER ROAD** ) | |
| **BRUNSWICK OH 44212** ) | |

1. This is an action brought by the plaintiff who, under color of statute, ordinance, regulation, custom and/or usage of the Defendants in this matter, was subjected to the deprivation of rights, privileges, and/or immunities secured the U.S. Constitution and Laws, including but not limited to 42 U.S.C. §1983, by the abusive, discriminatory and arbitrary conduct, as well as unauthorized invasion of privacy including a partial strip search on or about

May 26, 2007, and photographic imaging of same, by male officers of the Brunswick City Police Department, in which she was ordered and forced to remove some of her clothing, involuntarily and under protest for no rational basis, no legitimate state purpose, no important state interest and not substantially related to serving an important state interest nor for any .legitimate defendable and/or articulable reason.

2. This partial strip search, photographing of her person while stripped of her shirt-covering, and arbitrary abuse by Defendants was conducted without just reason or cause to believe weapons or contraband were being concealed on the Plaintiff's person.

3. Defendants placed Plaintiff in a holding cell in the jail following the booking procedure and continued to detain Plaintiff for an unreasonable period.

4. Defendants' actions, including but not limited to those previously listed (i.e. partial strip search and photographing of Plaintiff), as well as incarcerating Plaintiff before allowing Plaintiff access to a phone to contact anyone, were carried out in violation of Plaintiff's civil and fundamental rights granted to Plaintiff by the U.S. Constitution, including but not necessarily limited to Plaintiff's right to equal protection (U.S. Constitution, Amendment XIV), right to be free from unreasonable search and seizure (U.S. Constitution, Amendment IV), right to not be "…deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation" (U.S. Constitution, Amendment V), as well as those inalienable and residual rights conferred (U.S. Constitution, Preamble and Amendments IX & X), and Plaintiff's fundamental right to privacy, as well as in violation of 42 U.S.C. §§ 1983.

5. This action seeks injunctive relief and monetary damages for violation of Plaintiff's rights, privileges, and immunities secured under the U.S. Constitution, Preamble and Amendment(s) IV, V, IX, X,XIV; 42 U.S.C. §§ 1983

6.     This court has subject matter jurisdiction of this action under 28 U.S.C. §§1331, 1343(A)(3), (4).

7.     Plaintiff is a citizen of the United States and the State of Ohio.

8.     Defendant, Chief Carl Deforest, is the chief administrator of the Brunswick City Police Department.

9.     Defendant, Patrolman Jeffrey Jones, badge # 4046, is a Police Officer with the Brunswick City Police Department,

10.    Defendant, Patrolman Clifford Smith, badge # 4017, is a Police Officer with the Brunswick City Police Department.

11.    Defendant, Sergeant David Szuter, badge # 3301, is a Police Sergeant with the Brunswick City Police Department and the supervising officer on duty May 26, 2007.

12.    At all times relevant to this complaint the Defendants were acting in both their professional and personal capacity.

13.    Defendants are joint and severally liable for the injury sustained.

14.    Defendant City of Brunswick is a governmental unit organized under and existing by virtue of the laws of the State of Ohio, within the territorial limits of the County of Medina.

15.    On or about Saturday, May 26, 2007, at approximately 2:00 a.m., Plaintiff was arrested by officers of the Brunswick City Police Department for OVI and associated charges.

16.    Plaintiff was taken to the Brunswick City Police Department interviewed and booked, including the taking of photographs.

16.    Plaintiff was told by male Officer(s) of the Brunswick City Police Department that she needed to remove her over-shirt prior to the photograph being taken.

17. Plaintiff protested, asking if it was necessary to remove her clothes, and was told by the male Brunswick City Police Officers that she was required to according to departmental policy.

18. Further, Plaintiff was placed in a holding cell and prevented from calling her parents, or anyone else for a significant period of time.

19. Plaintiff was subsequently released to her Father.

20. The departmental policy either written or unwritten, requiring the removal of clothing by female defendants as set forth in this complaint violates the rights of the Plaintiff as enumerated in paragraph 4 above and incorporated as though fully rewritten herein.

21. Plaintiff has suffered irreparable harm and has no adequate remedy at law.

22. Defendants will continue to engage in arbitrary partial strip searches unless enjoined from doing so in the future.

23. Plaintiff is entitled to compensation and attorney fees pursuant to 42 U.S.C. §1988

COUNT II: Violation of Equal Protection Clause

24. Plaintiff hereby incorporates paragraphs 1 through 23 as if fully rewritten herein.

25. Plaintiff is a woman and therefore a member of a protected class,

26. Plaintiff was discriminated against due to her membership in said class,

27. Defendants' failure to have a standard booking procedure for intake causes a disproportionate impact on a protected class, in this case women;

28. Defendants' possess a discriminatory intent, that is members of a protected class are discriminated against based on their membership in said class;

29. Defendants applied a policy of requiring the removal of suspects clothing, photographing, and videotaping them in a disproportionate and discriminatory fashion.

30. Plaintiff has the right to equal protection under the law, pursuant to the U.S. Constitution Amendment IV.

31. Defendants wanton, willful and/or grossly reckless actions breached Plaintiff's right to equal protection and caused her injury, which actions are the direct or proximate cause of Plaintiff's injury.

32. Defendants will continue to engage in arbitrary discriminatory actions unless enjoined from doing so in the future.

33. Plaintiff is entitled to compensation and attorney fees pursuant to 42 U.S.C. §1988 and §1983.

COUNT III: Failure to properly supervise and/or train

34. Plaintiff hereby incorporates paragraphs 1 through 33 as if fully rewritten herein.

35. Defendants have an obligation to protect the public, at a minimum pursuant to public policy, through the proper and adequate and ongoing training of police officers and staff in policies, procedures, and actions in compliance with the U.S. Constitution, Ohio Constitution, Federal and Ohio State Rules and Regulations, as well as local rules and regulations.

36. Defendants failed in this obligation, which failure was the direct and indirect cause of injury to Plaintiff.

37. Defendants will continue to engage in actions which include a failure to adequately supervise and train subordinates and staff unless enjoined from doing so in the future.

38. Plaintiff is entitled to compensation and attorney fees pursuant to 42 U.S.C. §1988 and §1983.

COUNT IV: Violation of Plaintiff's Right to Privacy

39. Plaintiff hereby incorporates paragraphs 1 through 38 as if fully rewritten herein.

40. Plaintiff has a constitutional right to privacy in the photographing, maintaining as a public record and/or publication of pictorial images of her partially stripped person.

41. Defendants actions were the direct and proximate cause of the violation of Plaintiff's fundamental right to privacy to Plaintiff's severe detriment.

42. Defendants will continue to engage in actions which include a failure to adequately supervise and train subordinates and staff unless enjoined from doing so in the future.

43. Plaintiff should be adequately compensated for Defendants' actions and Defendants should be enjoined from such behavior in the future.

44. Defendants failed to get required consent prior to implementing Brunswick Police Department's strip search policy.

45. Defendants were required by Ohio law to make a report of their actions, and failed to do so.

46. Defendants will continue to engage in actions which include violations of constitutional rights of individuals as set out herein unless enjoined from doing so in the future.

47. Defendants actions were the direct and proximate cause of the violation of Plaintiff's civil and fundamental rights to Plaintiff's severe detriment.

48. Plaintiff should be adequately compensated for Defendants' actions and Defendants should be enjoined from such behavior in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter the following judgment:

a.	Declaring as unconstitutional the partial strip search and photographing of the Plaintiff in this action,

b.	Enter a preliminary and permanent injunction restraining and enjoining the Defendant's from undertaking, enforcing, maintaining, or adopting any policies, procedures, practices, or acts of causing partial stripping prior to taking booking photographs.

c.	Awarding Plaintiff compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00).

d.	Awarding punitive damages in an amount determined by the trier of fact to be sufficient to punish each defendant against whom such damages are awarded and determine to be sufficient to deter similar conduct in the future,

e.	Awarding Plaintiff costs of suit, including attorney fees.

f.	Awarding Plaintiff all other relief that is just, proper, and equitable.

Respectfully submitted,

__/s/ Daniel F. Maynard_____
Daniel F. Maynard, Esq. (0081418)
Maynard & Associates,
Attorneys at Law LLC
Attorneys for Plaintiff
246 West Liberty Street
Medina, Ohio  44256
Telephone: (330) 725-2116
maynard.daniel@gmail.com

**CERTIFICATION OF SERVICE**

      I certify that on May 19, 2009, Plaintiff, Christina Jones' Second Amended Plaintiff's Complaint was filed electronically. Notice of this filing will be sent by operation of this Honorable Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                    Respectfully submitted,

                                                    /s/ Daniel F. Maynard, Esq.
                                                  Daniel F. Maynard, Esq. (0081418)
                                                  Maynard& Associates,
                                                  Attorneys at Law L.L.C.
                                                  Attorneys for Plaintiff
                                                  246 West Liberty St.
                                                  Medina, Ohio 44256
                                                  (330) 725-2116
                                                  maynard.daniel@gmail.com