**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTINE LYNN JONES** | : | Case No.  1:08-CV-1432 |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **CITY OF BRUNSWICK, et al.** | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Before the Court is Defendants' Motion to Strike Portions of Plaintiff's Second Amended Complaint.  (Doc. 47.)  This Motion is **GRANTED IN PART AND DENIED IN PART**.

On January 23, 2009, the Plaintiff moved to file an Amended Complaint.  (Doc. 22.)  On March 11, 2009, the Court granted this motion in part, permitting the Plaintiff to amend her complaint to clarify preexisting federal claims, but denying the Plaintiff's request to add new state law claims.  (Doc. 29.)  The Plaintiff was ordered to submit a new complaint complying with that ruling.  (*Id.*)

The Plaintiff, surprisingly, submitted an Amended Complaint that included state law claims in direct violation of the Court Order to the contrary.  (Doc. 30.)  Accordingly, on May 13, 2009, the Court Ordered all references to Ohio law stricken from that complaint and ordered the plaintiff to submit a new amended complaint with the stricken portions omitted.  (Doc. 39.)

On May, 19, 2009, Plaintiff filed a Second Amended Complaint. (Doc. 41.) This filing omitted most of the portions of the complaint referencing Ohio law and, as initially ordered by the Court, clarified existing federal claims.

On May 21, 2009, the Court held a status conference where the Defendant raised objections to several new paragraphs in the Plaintiff's complaint. During this conference, the Defendant asserted that these paragraphs raised entirely new claims rather than clarifying existing claims. At the time, the Court asked the Defendant to file a motion to strike by June 1, 2009.

On May 29, 2009, the Defendant filed an Answer to the Plaintiff's Second Amended Complaint. (Doc. 46.) On June 1, 2009, the Defendants filed this motion to strike the portion of the Plaintiff's complaint that, the Defendant asserts, contains new claims. (Doc. 47.) On June 8, 2009, the Plaintiff filed a response to this motion. (Doc. 48.)

The Plaintiff first responds by arguing that the Defendant waived the right to file a motion to strike because the Defendant filed its answer on May 29, 2009, the day that it was due under the Federal Rules. While Defendant's motion is technically untimely, the Plaintiff's argument here is without merit. First, the Court may strike portions of any pleading that do not comply with its rulings sua sponte. *Baldwin v. Peake*, No. 08-1352, 2009 U.S. Dist. LEXIS 56830, at *7 (W.D. Pa. June 30, 2009) ("[T]he Court is authorized to strike material from a pleading, sua sponte, at any time." (citation omitted)). Second, the Court specifically granted the Defendant permission to file the motion to strike on the very date the Defendant filed it.

The Plaintiff, however, also asserts that her Second Amended Complaint merely clarifies her existing federal claims, as she was instructed to do by this Court. After careful

2

consideration, the Court agrees, although the Court notes that at least two paragraphs of the Plaintiff's complaint still reference state law.  (*See* Doc. 41 at ¶¶ 35, 45).[1]

Defendants' Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. 47) is hereby **GRANTED** to the extent that the Court strikes all references to Ohio law from the Plaintiff's complaint, but **DENIED** to the extent that the Defendant challenges the complaint as asserting entirely new federal claims.  So, too, in light of this order, Defendants' current motion for Summary Judgment is **TERMED** (Doc. 37), although the Defendants may elect file a new motion for Summary Judgment no later than Monday, July 27, 2009, if they wish.[2]

The Court, further, memorializes a ruling from the May 21, 2009 status conference where the Plaintiff agreed to waive any further discovery prior to summary judgment, notwithstanding the Plaintiff's meritorious pending motion for additional discovery in this case.  (Doc. 35.)  The Plaintiff is entitled to additional discovery should this case proceed beyond summary judgment.[3]  Plaintiff's Motion for additional discovery (Doc. 35) is **TERMED**.

---

[1] One particular clarification is worthy of special mention.  The Plaintiff's Second Amended Complaint makes clear that she is asserting claims against the individual defendants in their personal and official capacity.  During the status hearing, and again in this motion to strike, the individual defendants claims that the initial complaint was only directed at them in their official capacity.  This is not accurate; the Plaintiff's initial complaint was not obviously directed at the Defendants in either their individual or official capacity.  This was precisely the type of ambiguity that lead to the Court issuing its order that the Plaintiff clarify her complaint.  *Accord Sanford v. Cate*, No. 08-CV-1049, 2009 U.S. Dist. LEXIS 52843, at *8-9 (S.D. Cal. June 19, 2009) ("In Plaintiff's Motion to Amend the Complaint against Defendant Levin, Plaintiff explicitly notes that he intended to sue all defendants in their individual and official capacities.  As such, the Court construes Plaintiff's complaint as against Defendants in their personal and official capacities.").

[2] The Defendants complain that the Plaintiff was able to use the Defendants' initial motion for summary judgment as a guide when crafting her amended complaint.  The Court is sympathetic to this concern, but the fact remains that the Plaintiff was directly responding to a court order.

[3] The Plaintiff has, as explicitly conceded by the Plaintiff's counsel during the May 21, 2009 status conference, waived the right to use information gained from additional discovery to revisit any portion of the Court's eventual order on the motion for summary judgment.

**IT IS SO ORDERED.**

<u>**s/Kathleen M. O'Malley**</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 10, 2009**